UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549,

Plaintiff,

v.

TCMP3 PARTNERS, L.P., TCMP3 CAPITAL,
LLC, TITAN CAPITAL MANAGEMENT, LLC,
WALTER M. SCHENKER, AND STEVEN E.
SLAWSON
c/o M. William Munno, Esq.
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004,

Defendants.

C.A. No. _____ (___)

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") alleges:

## SUMMARY OF ALLEGATIONS

1.      Defendant hedge fund TCMP3 Partners, L.P. ("TCMP3"), its investment adviser

and general partner TCMP3 Capital LLC and management company Titan Capital Management,

LLC (collectively, "Titan"), and Titan's two principals Walter M. Schenker and Steven E.

Slawson violated Section 5 of the Securities Act of 1933 ("Securities Act") in connection with

twenty-six unregistered securities offerings, which are commonly referred to as "PIPEs" (Private

Investment in Public Equity). From mid-2003 through 2004, defendants locked in approximately

$887,000 in ill-gotten gains as a result of the violations.

2.      Typically, after agreeing to invest in a PIPE transaction, Schenker and Slawson, on behalf of TCMP3, sold short the issuer's stock. Later, once the Commission declared the resale registration statement effective, they used the PIPE shares to close out the short positions — a practice prohibited by the registration provisions of the federal securities laws.

3.      The unlawful PIPE conduct involved twenty-six issuers that sought PIPE financing (collectively, "the PIPE Issuers"). During the relevant period, the common stock of each PIPE Issuer was registered with the Commission pursuant to either Section 12(b) or Section 12(g) of the Securities Exchange Act of 1934 and was quoted on the NASDAQ National Market, or traded on the New York Stock Exchange or the Over-The-Counter Bulletin Board.

4.      By engaging in the acts alleged herein, the defendants engaged in, and unless permanently restrained and enjoined by the Court will continue to engage in, transactions, acts, practices and courses of business that violate Section 5 of the Securities Act [15 U.S.C. § 77e].

5.      The Commission seeks a judgment from the Court: (a) enjoining the defendants from engaging in future violations of the above section of the federal securities laws; (b) ordering defendants TCMP3 Partners, L.P., TCMP3 Capital, LLC, and Titan Capital Management, LLC to disgorge, with prejudgment interest, the illegal profits and proceeds they locked in as a result of the actions described herein; and (c) ordering defendants Walter M. Schenker and Steven E. Slawson to pay civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), 77v(a)].

7.      The defendants made use of the means and instrumentalities of interstate commerce or of the mails in connection with the acts, practices, and courses of business alleged herein.  Venue is proper in this District pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)].

## DEFENDANTS

8.      **TCMP3 Partners, L.P.**, a Delaware limited partnership, is a hedge fund that, during the relevant period, invested in PIPE offerings.  Titan Capital Management, LLC is its investment manager, and TCMP3 Capital, LLC is its general partner.  During the relevant period, Walter M. Schenker and Steven E. Slawson were the fund's portfolio managers.

9.      **TCMP3 Capital, LLC**, a Delaware limited liability company, is owned by Walter M. Schenker and Steven E. Slawson.  It is headquartered in Parsippany, New Jersey and serves as the general partner for TCMP3 Partners, L.P.

10.     **Titan Capital Management, LLC**, a Delaware limited liability company, is owned by Walter M. Schenker and Steven E. Slawson.  It is headquartered in Parsippany, New Jersey and serves as the investment manager for TCMP3 Partners, L.P.

11.     **Walter M. Schenker**, age 60, is a resident of Pine Brook, New Jersey.

12.     **Steven E. Slawson**, age 60, is a resident of Lebanon, New Jersey.

3

## STATEMENT OF FACTS

### PIPEs Background

13.    Issuers utilize the PIPEs market when more traditional means of financing, such as a registered repeat offering, are for various reasons impractical.  PIPE securities are generally issued pursuant to Section 4(2) of the Securities Act or Regulation D under the Securities Act, which provide an exemption from registration for a nonpublic offering by an issuer.  Because PIPEs are unregistered offerings, PIPE investors receive restricted securities when a transaction closes.  Before investors can publicly trade those restricted securities, the issuer must file, and the Commission must declare effective, a resale registration statement, a process that may take 60 to 120 days to complete.  PIPE investors therefore must wait a certain period of time before they can publicly trade the securities that they received in the PIPE.  To compensate investors for this temporary illiquidity, PIPE issuers customarily offer the restricted securities at a discount to market price.

14.    Many PIPE investors "hedge" their investment by selling short the PIPE issuer's securities before the resale registration statement is declared effective.

15.    Defendants violated Sections 5(a), 5(b), and 5(c) of the Securities Act by covering some or all of their pre-effective date short positions with the actual shares received in the PIPE. This is because shares used to cover a short sale are deemed to have been sold when the short sale was made.

### The Unlawful Trading

16.    From mid-2003 through 2004, defendants engaged in conduct that resulted in their investing in PIPE offerings without incurring market risk:  Defendants sold short some or all of

4

the hedge fund's restricted PIPE allocation before the Commission declared the resale

registration statement effective and then closed out those short positions using the hedge fund's

PIPE shares. The conduct enabled the hedge fund to invest in PIPE offerings without incurring

market risk as to those shares sold short pre-effective date and later covered with offering shares.

17.    In each of the twenty-six transactions listed below, defendants engaged in conduct

that violated the registration provisions of the federal securities laws:

| | PIPE Issuer | PIPE Closing Date |
|---|---|---|
| 1 | AquaCell Technologies, Inc. | 07/28/03 |
| 2 | Avanir Pharmaceuticals | 11/26/03 |
| 3 | BriteSmile, Inc. | 01/02/04 |
| 4 | Calypte Biomedical Corporation | 06/01/04 |
| 5 | China World Trade Corporation | 08/24/04 |
| 6 | Communication Intelligence Corporation | 11/03/04 |
| 7 | Diversified Security Solutions, Inc. | 07/21/04 |
| 8 | DynTek, Inc. | 04/28/04 |
| 9 | eMagin Corporation | 01/09/04 |
| 10 | FiberNet Telecom Group, Inc. | 02/02/04 |
| 11 | Focus Enhancements, Inc. | 04/06/04 |
| 12 | Glowpoint, Inc. | 02/18/04 |
| 13 | hi/fn, inc. | 02/06/04 |
| 14 | Immune Response Corporation | 04/30/04 |
| 15 | Impco Technologies, Inc. | 12/22/03 |
| 16 | Indus International, Inc. | 02/09/04 |
| 17 | Large Scale Biology Corporation | 03/10/04 |
| 18 | Matritech, Inc. | 03/19/04 |
| 19 | Metretek Technologies, Inc. | 04/30/04 |
| 20 | MIV Therapeutics, Inc. | 03/22/04 |
| 21 | Neurobiological Technologies, Inc. | 03/02/04 |
| 22 | NUR Macroprinters Ltd. | 04/01/04 |
| 23 | Pro-Pharmaceuticals, Inc. | 10/03/03 |
| 24 | StemCells, Inc. | 06/17/04 |
| 25 | V.I. Technologies, Inc. | 02/11/04 |
| 26 | Waste Services, Inc. | 05/03/04 |

18.    The April 2004 Indus International, Inc. ("Indus") PIPE offering illustrates the

unlawful conduct.  TCMP3 invested $155,000 in the PIPE and received 50,000 restricted Indus

shares at $3.10 per share – a discount of approximately 7% from Indus's then-current market

price of approximately $3.33 per share.  TCMP3 sold short all 50,000 of its restricted shares,

garnering proceeds of $167,000.  Once the Commission declared the resale registration statement

effective, Schenker and Slawson, on behalf of TCMP3, journaled the freely tradable PIPE shares

to TCMP3's short account to close out the 50,000 share short position.  TCMP3's profit was

therefore locked in at the moment it executed its short sales:  the $167,000 short sale proceeds

minus the $155,000 investment, for a net profit of $12,000.

19.    Schenker and Slawson, on behalf of TCMP3, engaged in similar conduct in

connection with each of the twenty-six PIPE offerings, resulting in a total of approximately

$887,000 in ill-gotten gains.

## CLAIM FOR RELIEF

### REGISTRATION AND PROSPECTUS DELIVERY
### Violations of Section 5 of the Securities Act

20.    The Commission realleges and reincorporates paragraphs 1 through 19 as if fully

set forth herein.

21.    Defendants, directly or indirectly:  (a) without a registration statement in effect as

to the securities, (i) made use of the means or instruments of transportation or communication or

the mails to sell such securities through the use or medium of a prospectus or otherwise, or (ii)

carried or caused to be carried through the mails, or in interstate commerce, by any means or

instruments of transportation, such securities for the purpose of sale or for delivery after sale; (b)

6

carried or caused to be carried through the mails or in interstate commerce securities for the purpose of sale or for delivery after sale without being accompanied or preceded by a prospectus; and (c) made use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of a prospectus or otherwise securities for which a registration statement had not been filed as to such securities.

22.    By reason of their actions alleged herein, defendants violated Section 5 of the Securities Act [15 U.S.C. § 77e].

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court enter a judgment:

### I.

Finding that the defendants each violated the registration provisions of the federal securities laws as alleged herein;

### II.

Enjoining permanently defendants TCMP3 Partners, L.P., TCMP3 Capital, LLC, Titan Capital Management, LLC, Walter M. Schenker, and Steven E. Slawson from violating Section 5 of the Securities Act [15 U.S.C. § 77e];

### III.

Ordering defendants TCMP3 Partners, L.P., TCMP3 Capital, LLC, and Titan Capital Management, LLC to disgorge the profits and proceeds they obtained as a result of their actions alleged herein and to pay prejudgment interest thereon;

**IV.**

Ordering defendants Walter M. Schenker and Steven E. Slawson to pay civil monetary

penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]; and

**V.**

Granting such other relief as this Court may deem just and proper.

Dated: November 5, 2007                    Respectfully submitted,

                                           Scott W. Friestad
                                           Robert B. Kaplan
                                           Julie M. Riewe (Bar No. 472470)

                                           Attorneys for Plaintiff
                                           Securities and Exchange Commission
                                           100 F Street, N.E.
                                           Washington, D.C.  20549
                                           (202) 551-4969 (Kaplan)
                                           (202) 772-9333 (fax) (Kaplan)
                                           kaplanr@sec.gov

8

07-1990
JDB

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Securities and Exchange Commission    11/001 | TCMP3 Partners, L.P.; TCMP3 Capital, LLC; Titan Capital Management, LLC; Walter M. Schenker; and Steven E. Slawson |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert B. Kaplan, Esq.
Assistant Director
U.S. Securities and Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, DC 20549
(202) 551-4969

Case: 1:07-cv-01990
Assigned To : Bates, John D.
Assign. Date : 11/5/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- (●) 1 U.S. Government Plaintiff
- ( ) 2 U.S. Government Defendant
- ( ) 3 Federal Question (U.S. Government Not a Party)
- ( ) 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ( ) 1 | ( ) 1 | Incorporated or Principal Place of Business in This State | ( ) 4 | ( ) 4 |
| Citizen of Another State | ( ) 2 | ( ) 2 | Incorporated and Principal Place of Business in Another State | ( ) 5 | ( ) 5 |
| Citizen or Subject of a Foreign Country | ( ) 3 | ( ) 3 | Foreign Nation | ( ) 6 | ( ) 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ( ) A. *Antitrust* | ( ) B. *Personal Injury/ Malpractice* | ( ) C. *Administrative Agency Review* | ( ) D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| [ ] 410 Antitrust | [ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Medical Malpractice<br>[ ] 365 Product Liability<br>[ ] 368 Asbestos Product Liability | [ ] 151 Medicare Act<br><br>**Social Security:**<br>[ ] 861 HIA ((1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g)<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)<br>**Other Statutes**<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| (X) E. *General Civil (Other)* | OR | ( ) F. *Pro Se General Civil* |
|---|---|---|

| **Real Property**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent, Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property<br><br>**Personal Property**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | **Bankruptcy**<br>[ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br><br>**Property Rights**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark<br><br>**Federal Tax Suits**<br>[ ] 870 Taxes (US plaintiff or defendant<br>[ ] 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>[ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 RR & Truck<br>[ ] 650 Airline Regs<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other<br><br>**Other Statutes**<br>[ ] 400 State Reapportionment<br>[ ] 430 Banks & Banking<br>[ ] 450 Commerce/ICC Rates/etc.<br>[ ] 460 Deportation | [ ] 470 Racketeer Influenced & Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Satellite TV<br>[ ] 810 Selective Service<br>(X) 850 Securities/Commodities/ Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[ ] 900 Appeal of fee determination under equal access to Justice<br>[ ] 950 Constitutionality of State Statutes<br>[ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions** (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-Employment**<br>☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

15 U.S.C. § 77e -- Violation of registration provisions of the federal securities laws

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐   NO ☒ |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  11/5/07    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.. 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.